IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION AND CELGENE INTERNATIONAL SÀRL,<br><br>Plaintiffs,<br><br>v.<br><br>ACCORD HEALTHCARE INC.,<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Celgene Corporation and Celgene International Sàrl (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendant Accord Healthcare Inc. ("Accord"). This action relates to Abbreviated New Drug Application ("ANDA") No. 216741 filed by Accord with the U.S. Food and Drug Administration ("FDA").

2. In ANDA No. 216741, Accord seeks approval to market 200 mg and 300 mg tablets of azacitidine (the "Accord ANDA Product") prior to expiration of U.S. Patent No. 8,846,628 (the "'628 patent"). The Accord ANDA Product is a generic version of Plaintiffs' Onureg® drug product.

## PARTIES

3. Celgene Corporation is a corporation organized and existing under the laws of Delaware, having a place of business at 86 Morris Avenue, Summit, New Jersey 07901.

- 1 -

4. Celgene International Sàrl is a société à responsabilité limitée organized and existing under the laws of Switzerland, having a place of business at Route de Perreux 1, Boudry CH-2017, Switzerland.

5. Plaintiffs are engaged in the business of creating, developing, and bringing to market pharmaceutical products to help patients prevail against serious diseases, including treatments for cancer. Plaintiffs sell Onureg® in this judicial district and throughout the United States.

6. Upon information and belief, Accord is a corporation organized and existing under the laws of North Carolina, having its principal place of business at 1009 Slater Road, Suite 210-B, Durham, North Carolina 27703.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. Venue is proper in this Court under 28 U.S.C. § 1400(b), and this Court has personal jurisdiction over Accord. Accord, through its counsel, by e-mails dated November 23, 2021 and November 24, 2021, agreed that it does not contest personal jurisdiction or venue in this Court in this matter.

## PATENT-IN-SUIT

9. On September 30, 2014, the U.S. Patent and Trademark Office duly and legally issued the '628 patent, titled "Oral Formulations of Cytidine Analogs and Methods of Use Thereof." A true and correct copy of the '628 patent is attached hereto as Exhibit A.

10. The claims of the '628 patent are valid, enforceable, and not expired.

11. Celgene Corporation is the owner of the '628 patent. Celgene International Sàrl is the exclusive licensee of the '628 patent. Plaintiffs have the right to enforce the '628 patent.

## PLAINTIFFS' ONUREG® PRODUCT

12. Celgene Corporation is the holder of New Drug Application ("NDA") No. 214120, by which the FDA granted approval for the marketing and sale of 200 mg and 300 mg strength azacitidine tablets. Plaintiffs market azacitidine tablets in the United States under the trade name "Onureg®."

13. Onureg® is a nucleoside metabolic inhibitor indicated for continued treatment of adult patients with acute myeloid leukemia who achieved first complete remission (CR) or complete remission with incomplete blood count recovery (CRi) following intensive induction chemotherapy and are not able to complete intensive curative therapy. A copy of the complete prescribing information for Onureg® is attached as Exhibit B.

14. The FDA's official publication of approved drugs (the "Orange Book") includes Onureg®. The Orange Book lists the '628 patent as a patent covering Onureg® and its use.

## INFRINGEMENT BY ACCORD

15. By letter dated November 12, 2021, Accord notified Plaintiffs that Accord had submitted ANDA No. 216741 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) (the "Notice Letter"). Plaintiffs received the Notice Letter no earlier than November 16, 2021.

16. The Notice Letter states that Accord seeks approval from the FDA to engage in the commercial manufacture, use, sale, offer to sell, and/or importation in the United States of the Accord ANDA Product before the expiration of the '628 patent. Upon information and belief, Accord intends to, directly or indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Accord ANDA Product promptly upon receiving FDA approval.

17. By filing ANDA No. 216741, Accord has necessarily represented to the FDA that the Accord ANDA Product has the same active ingredient as Onureg®, has the same dosage form, route of administration, and strength as Onureg®, and is bioequivalent to Onureg®.

18. Upon information and belief, Accord is seeking approval to market the Accord ANDA Product for the same approved indications as Onureg®.

19. In the Notice Letter, Accord states that its ANDA contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '628 patent are invalid under 35 U.S.C. § 103.  The Notice Letter does not contest that the claims of the '628 patent are enforceable and will be infringed by the commercial manufacture, use, offer to sell, sale, and/or importation of the Accord ANDA Product to the extent that those claims are valid.

20. This Complaint is being filed before the expiration of forty-five days from the date Plaintiffs received the Notice Letter.

## COUNT I
## (INFRINGEMENT OF THE '628 PATENT)

21. Plaintiffs incorporate each of the above paragraphs 1 to 20 as though fully set forth herein.

22. Upon information and belief, Accord's submission of ANDA No. 216741 to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, and/or importation of the Accord ANDA Product for use in accordance with its proposed label indications prior to the expiration of the '628 patent infringed one or more claims of the '628 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(e)(2)(A).  The infringed claims of the '628 patent include at least claims 1-9, 11, 13-26, 28-36, 38, and 40-43.  In the Notice Letter, Accord has not contested the infringement of any claim of the '628 patent to the extent that the patent's claims are valid.

23.     Upon information and belief, Accord's commercial manufacture, use, offer to sell, sale, and/or importation of the Accord ANDA Product for use in accordance with its proposed label indications prior to the expiration of the '628 patent, and/or its inducement or contribution to such conduct, would further infringe one or more claims of the '628 patent, either literally or under the doctrine of equivalents, under at least 35 U.S.C. §§ 271(a), (b), and/or (c).  Those activities would infringe, induce the infringement of, and/or contribute to the infringement of at least claims 1-9, 11, 13-26, 28-36, 38, and 40-43 of the '628 patent.

24.     Upon information and belief, upon FDA approval of Accord's ANDA No. 216741, Accord will infringe, either literally or under the doctrine of equivalents, one or more claims of the '628 patent, by making, using, offering to sell, selling, and/or importing the Accord ANDA Product for use in accordance with its proposed label indications, or by actively inducing and contributing to infringement of the '628 patent by others, under 35 U.S.C. §§ 271(a), (b), and/or (c), unless enjoined by the Court.  Unless enjoined, those activities would infringe, induce the infringement of, and/or contribute to the infringement of at least claims 1-9, 11, 13-26, 28-36, 38, and 40-43 of the '628 patent.

25.     Upon information and belief, the Accord ANDA Product or its use in accordance with its proposed label indications satisfies each and every element of at least claims 1-9, 11, 13-26, 28-36, 38, and 40-43 of the '628 patent.

26.     For example, claim 1 of the '628 patent is representative for purposes of Accord's infringement of the patent's composition claims and recites:

> A pharmaceutical composition for oral administration comprising a therapeutically effective amount of 5-azacytidine and at least one pharmaceutically acceptable excipient, wherein the composition is a non-enteric coated tablet.

27. Upon information and belief, the Accord ANDA Product is a pharmaceutical composition for oral administration comprising a therapeutically effective amount of 5-azacytidine and at least one pharmaceutically acceptable excipient, wherein the composition is a non-enteric coated tablet.

28. For example, the Notice Letter states the "active ingredient, dosage form, and strength of Accord's proposed [ANDA] drug product is Azacitidine, Tablet 200 mg and 300 mg." Notice Letter at 2. "Azacitidine" is another name for "5-azacytidine," and those terms are used interchangeably, as the '628 patent explains. *See, e.g.*, '628 patent, 2:33-35 ("5-[a]zacytidine (National Service Center designation NSC-102816; CAS Registry Number 320-67-2) [is] also known as azacitidine"). The 200 mg and 300 mg dosage strength tablets of Accord's ANDA product include a therapeutically effective amount of 5-azacytidine.

29. Upon information and belief, the Accord ANDA Product is for oral administration, contains at least one pharmaceutically acceptable excipient, and is a non-enteric coated tablet. Onureg® is for oral administration, contains at least one pharmaceutically acceptable excipient, and is a non-enteric coated tablet. Accord asserts that the Accord ANDA Product is bioequivalent to Onureg®, which means that it has the same route of administration (i.e., oral administration) and dosage form (i.e., a non-enteric coated tablet containing at least one pharmaceutically acceptable excipient) as Onureg®.

30. The Notice Letter does not dispute that the commercial manufacture, use, offer to sell, sale, and/or importation of the Accord ANDA Product would infringe claim 1 of the '628 patent.

31. Claim 28 of the '628 patent is representative for purposes of Accord's infringement of the patent's method of treatment claims and recites:

> A method for treating one or more symptoms of a disease associated with abnormal cell proliferation, comprising orally administering to a subject in need thereof a pharmaceutical composition comprising a therapeutically effective amount of 5-azacytidine and at least one pharmaceutically acceptable excipient, wherein the composition is a non-enteric coated tablet, and wherein the disease associated with abnormal cell proliferation is myelodysplastic syndrome or acute myelogenous leukemia.

32. Upon information and belief, Accord is seeking FDA approval for the Accord ANDA Product for use in a method for treating one or more symptoms of a disease associated with abnormal cell proliferation, comprising orally administering to a subject in need thereof a pharmaceutical composition comprising a therapeutically effective amount of 5-azacytidine and at least one pharmaceutically acceptable excipient, wherein the composition is a non-enteric coated tablet, and wherein the disease associated with abnormal cell proliferation is myelodysplastic syndrome or acute myelogenous leukemia.

33. The Accord ANDA Product is a pharmaceutical composition comprising a therapeutically effective amount of 5-azacytidine and at least one pharmaceutically acceptable excipient, wherein the composition is a non-enteric coated tablet orally administered to a subject in need thereof for all of the reasons described in paragraphs 27-29 above.

34. Onureg® is FDA approved "for continued treatment of adult patients with acute myeloid leukemia who achieved first complete remission (CR) or complete remission with incomplete blood count recovery (CRi) following intensive induction chemotherapy and are not able to complete intensive curative therapy." Onureg® Label at 1, 2. Acute myeloid leukemia is associated with abnormal cell proliferation and is also referred to as acute myelogenous leukemia. Currently, the only FDA approved indication for Onureg® is for uses covered by the method of treatment claims of the '628 patent, including claim 28. Upon information and belief, Accord is

seeking FDA approval to market the Accord ANDA Product for uses covered by the method of treatment claims of the '628 patent, including claim 28.

35. The Notice Letter does not dispute that the commercial manufacture, use, offer to sell, sale, and/or importation of the Accord ANDA Product would infringe, induce infringement of, or contribute to the infringement of claim 28 of the '628 patent.

36. Upon information and belief, Accord, upon FDA approval, would promote the use of the Accord ANDA Product to infringe one or more claims of the '628 patent, including by encouraging the use of the Accord ANDA Product in accordance with its proposed label indications.

37. Upon information and belief, Accord has knowledge of the '628 patent. For example, the '628 patent is listed in the FDA's Orange Book under the entry for Onureg®. Accord cites both the '628 patent and the Orange Book listing in the Notice Letter. Notice Letter at 2.

38. Upon information and belief, Accord is aware, has knowledge, and/or is willfully blind to the fact that patients will administer and/or medical practitioners will prescribe and/or administer the Accord ANDA Product in accordance with its proposed label indications and therefore will directly infringe one or more claims of the '628 patent.

39. The Accord ANDA Product constitutes a material part of the invention claimed in the '628 patent, is especially adapted for use in infringing the claims of the '628 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Currently, the only FDA approved use of oral azicitidine is for uses covered by the methods claimed in the '628 patent. *See* Onureg® Label at 1, 2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. A judgment that the claims of the '628 patent are not invalid, are not unenforceable, and are infringed by Accord's submission of ANDA No. 216741 under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, and that Accord's making, using, offering to sell, or selling in the United States, or importing into the United States the Accord ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the claims of the '628 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

2. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 216741 shall be a date which is not earlier than the latest expiration date of the '628 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

3. An order permanently enjoining Accord, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States the Accord ANDA Product until after the latest expiration date of the '628 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

4. An order awarding Plaintiffs their costs in this litigation, including any costs recoverable under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and/or Local Rule 54.1.

5. A finding that this is an exceptional case and awarding Plaintiffs their reasonable attorneys' fees, including under 35 U.S.C. § 285.

6. Such further and other relief as this Court deems proper and just.

| | |
|---|---|
| Dated: December 22, 2021 | Respectfully submitted, |
| Of Counsel: | FARNAN, LLP |
| Andrew Danford<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel:  (617) 526-6000<br>Fax:  (617) 526-5000 | /s/ Michael J. Farnan<br>Joseph J. Farnan, Jr. (Bar No. 100245)<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Str., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>farnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| Amy K. Wigmore<br>Heather M. Petruzzi<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>1875 Pennsylvania Ave NW<br>Washington, DC 20006<br>Tel:  (202) 663-6000<br>Fax:  (202) 663-6363 | *Counsel for Plaintiffs Celgene Corporation<br>and Celgene International Sàrl* |